with the provisions of the Municipal Court act, and in the light of the rules governing appeals, would seem to preclude the idea of modifying a judgment at the request of a respondent, who has permitted the time for appeal to pass without taking action. The judgment as, to a party who does not appeal is conclusive after the time for appeal has expired, for by neglecting to appeal he in substance says that he is not aggrieved by the judgment. Section 310 of the Municipal Court act, in providing that the "appellate court may reverse, affirm, or modify the judgment, order, or final order appealed from," must be construed as being limited to the appeal of a party aggrieved, for it is only such a party who is permitted to appeal.

The respondent desiring a reversal under these circumstances, and the appellant, as we believe, being entitled to a reversal, by reason of the fact that, while the action appears to have been predicated upon the theory of deceit and fraud, the evidence tends rather to the support of an action for a breach of contract, the ends of justice would seem to require a reversal of this judgment and the awarding of a new trial; costs to abide the event. All concur.

---

NEWMAN v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. TRIAL—INSTRUCTIONS.

In a personal injury action the court's charge that if the jury found that plaintiff was injured as he said, and believed his testimony and the witnesses on his part, they should render verdict accordingly, etc., was not objectionable as limiting the jury to the determination of the credibility of plaintiff's witnesses, when considered in connection with prior portions of the charge, which pointed out in detail the conflicting theories and the evidence in support of them, and told the jury that it was for them to determine which theory they would accept, but was merely a recapitulation of the previous charge, to the effect that if they believed plaintiff's witnesses, as against those of defendant, they should find for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 703–718.]

2. STREET RAILROADS—RIGHT OF WAY IN STREETS.

A street railroad company has not a paramount right of way on every portion of the streets, except at adjoining streets, but has only a paramount right upon its tracks and for a sufficient space for the cars to pass, and beyond that has no greater rights than any other person using the highway.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 193.]

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

In an action for injuries caused to a passenger by reason of a collision between a street car and a truck, defendant could not complain of a charge that it was the motorman's duty to stop the car only at the time he saw the truck driver going to go on the street car track, since the motorman's duty was not necessarily measured by the time he saw the truck moving onto his track; but his duty was to see it moving as soon as he could do so, in the exercise of that degree of care which the law exacts for the carrying of passengers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4052–4062, 4219–4228.]

111 N.Y.S.—19

Appeal from Municipal Court, Borough of Queens, First District.

Personal injury action by Henry T. Newman against the New York & Queens County Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Anthony J. Ernest, for appellant.

George F. Hickey (M. P. O'Connor, on the brief), for respondent.

WOODWARD, J. The plaintiff seeks to recover for personal injuries, alleged to have been sustained while a passenger upon one of the cars of the defendant, by reason of the car colliding with a truck which attempted to pass in upon the tracks of the defendant in front of the approaching car. A verdict was rendered for the plaintiff; the defendant appealing and urging three exceptions. The first of these is that the learned trial court erred in its charge to the jury, the second that the court erred in rulings upon the evidence, and the third that the verdict is against the weight of the evidence.

The first alleged error in the charge is presented as follows:

"If you find, I repeat once more, he was injured as he says, and you believe his testimony and the witnesses on the part of the plaintiff, your verdict will be rendered accordingly in such sum as you believe to be fair and just and proper between the plaintiff and defendant in this case."

Mr. Smith (on behalf of the defendant):

"I respectfully except to that last portion of your honor's charge, in which you said 'he was injured as he says, and you believe his testimony and the witnesses on the part of the plaintiff, your verdict will be rendered accordingly,'" etc.

To this the court responded, "They are at liberty to find," and counsel took no exception. Assuming there is a question raised, we are of opinion that this charge, taken in connection with the prior portions of the charge, to which it distinctly refers, left no erroneous impression in the minds of the jury. The court had pointed out in detail the conflicting theories and the evidence in support of them, and had told the jury it was for them to determine which theory they would accept, and the clause referred to is clearly to be understood, not as limiting the jury to the determination of the credibility of the plaintiff's witnesses, but as a recapitulation of the previous charge, and that if they believed the plaintiff's witnesses, as against those of the defendant, they were to find for the plaintiff. It was not error, read in connection with all the court had said.

The next alleged error is presented by Mr. Smith's request to charge:

"That between blocks the railroad has a paramount right of way on all and every portion of the streets, except at the adjoinings (streets), and the motorman had a right to believe that the truck would remain clear of his track, and wasn't obliged to anticipate the truck driver would pull in on his track."

This the court refused to charge, for the very obvious reason that it does not correctly state the law, assuming it to have any bearing upon a case in which a passenger upon the car is injured. The rail-

road company between streets has not "a paramount right of way on all and every portion of the streets," with the exception noted. It has a paramount right upon its tracks, and for a sufficient space for the cars to pass; but outside of that it has no more rights than any other person lawfully using the highway. Mr. Smith then continued:

"And it is his duty to stop the car only at the time he saw the driver going to go to his track."

The court responded: "Charge the latter part." Without approving this proposition, it is obvious that the defendant received as broad an instruction as there was any possible justification for. The duty of the motorman is not necessarily measured by the time he saw the truck moving onto his track. His duty was to see it moving as soon as he could do so in the exercise of that degree of care which the law exacts for the carrying of passengers, and the defendant certainly has no grounds for complaint under the charge as it remained when the case went to the jury.

We have examined the other alleged errors, but find none which would warrant this court in interfering with the verdict of the jury.

The judgment appealed from should be affirmed, with costs. All concur.